Leonor Margarita **VALERIO–GARCIA; Nashielly Perez–Valerio; Arturo Perez–Valerio; Carlos Alberto Perez–Valerio; Miguel Angel Perez–Valerio, Petitioners,**

v.

**IMIGRATION AND NATURALIZATION SERVICE, Respondent.**

**No. 00–71725.**

**INS Nos. A74–796–844, A74–796–846, A74–796–847, A74–796–848, A74–796–849.**

United States Court of Appeals, Ninth Circuit.

Submitted June 11, 2001.*

Decided June 25, 2001.

Before O'SCANNLAIN, SILVERMAN, and GOULD, Circuit Judges.

MEMORANDUM **

Leonor Margarita Valerio–Garcia and her children Nashielly Perez–Valerio, Arturo Perez–Valerio, Carlos Alberto Perez–Valerio, and Miguel Angel Perez–Valerio (collectively "Petitioners") petition for review of a final order of deportation entered by the Board of Immigration Appeals

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

("BIA") on November 30, 2000. The facts and prior proceedings are known to the parties; they are not restated herein except as necessary.

Valerio–Garcia, a native and citizen of Mexico, entered the United States without inspection on September 1, 1989, and her children entered without inspection on July 25, 1995. On June 28, 1996, all Petitioners were served with Orders to Show Cause ("OSC") why they should not be deported as aliens having entered the United States without inspection. At a hearing on April 11, 1997, Petitioners conceded deportability and Valerio–Garcia applied for suspension of deportation. The Immigration Judge denied Valerio–Garcia's request for suspension of deportation because she had failed to meet the continuous physical presence requirement before being served with the OSC and thus was statutorily ineligible for suspension. On appeal, the BIA affirmed.

Valerio–Garcia contends that she is eligible for suspension of deportation and challenges the BIA's decision that the "stop-time rule"—a new continuous physical presence requirement set forth in the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, 110 Stat. 3009–625 ("IIRIRA")—bars such relief in her case. Valerio–Garcia's arguments challenging the application of the stop-time rule are foreclosed by our recent decision in *Ram v. INS*, 243 F.3d 510 (9th Cir. 2001).[1]

PETITIONS DENIED.[2]

---

1. We do not consider Valerio–Garcia's eligibility, if any, for relief under the class action pending in the district court in accordance with *Barahona–Gomez v. Reno*, 167 F.3d 1228 (9th Cir.1999), *supplemental opinion*, 236 F.3d 1115 (9th Cir.2001). Because our resolution of this case does not affect any interim or permanent relief awarded to members of the class certified in *Barahona–Gomez*, we DENY Valerio–Garcia's request that her petition for review be stayed pending the outcome of the *Barahona–Gomez* suit.

2. We DENY Valerio–Garcia's request for a remand to allow the BIA to consider her case pursuant to IIRIRA § 309(c)(3), which provides that the Attorney General may, in his discretion, elect to terminate deportation proceedings and initiate removal proceedings against a transitional rule alien in cases "in which there has not been a final administrative decision." Because a final administrative decision has been entered against Valerio–Garcia, she is ineligible for repapering pursuant to IIRIRA § 309(c)(3).

